# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **JEFF WILSON**,<br><br>    Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>    Respondent. | **28 U.C.S. § 2255 Case No.**<br>3:16-CV-84 (HL)<br><br>**Criminal Case No.**<br>3:00-CR-26 (HL) |

## ORDER

This case is before the Court on the Recommendation (Doc. 81) of United States Magistrate Judge Charles H. Weigle. The Magistrate Judge recommends that the Government's Motion to Dismiss (Doc. 80) be granted and that Petitioner Jeff Wilson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed as untimely (Docs. 68, 78). The Magistrate Judge further recommends that the Court grant a certificate of appealability ("COA") as to whether the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), applies to the career offender provision of the pre-Booker Sentencing Guidelines.

The Government objected to the Recommendation, arguing that Petitioner has not made the requisite showing for the issuance of a COA (Doc. 82). Petitioner responded to that objection. (Doc. 83). This Court has fully considered the record in this case and made a *de novo* determination of the portions of the

Recommendation to which the Government objects. For the following reasons, the Recommendation is **ADOPTED in part** and **DENIED in part**. The Court **ADOPTS** the recommendation that Petitioner's motion to vacate be dismissed as untimely. However, the Court concludes that Petitioner has not met the standard for granting a COA and, therefore, **DENIES** the Magistrate Judge's recommendation to grant a COA.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Further, where, as here, dismissal is based on procedural grounds, the petitioner must show, "at least, that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. "[O]therwise, the appeal would not deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 777 (2017) (quotation marks and citation omitted).

Petitioner entered a plea of guilty on January 9, 2001 to Counts One and Two of a Superseding Information charging Petitioner with conspiracy to possess with intent to distribute methamphetamine and possession of a firearm during a drug trafficking crime. Applying the career offender guideline enhancement, the

2

Court on August 20, 2001, sentenced Petitioner to 228 months imprisonment. The Eleventh Circuit affirmed Petitioner's conviction on May 28, 2003. Under the one-year period of limitation established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from that date to file his petition for collateral review. However, Petitioner did not file his petition until 2016. As the Magistrate Judge correctly noted in his Recommendation, the instant petition is therefore untimely under 28 U.S.C. § 2255(f)(1).

Petitioner argues that his petition should instead fall under the tenents of § 2255(f)(3), which applies retroactively to cases on collateral review to a right "newly recognized" by the Supreme Court. Under § 2255(f)(3), AEDPA's one-year limitations period is triggered on "the date on which" the new right was recognized by the Supreme Court. Here, Petitioner relies on the Supreme Court's June 26, 2015 decision in Johnson, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). While Petitioner acknowledges that he was sentenced as a career offender under U.S.S.G. § 4B1.1 and not under the ACCA, he argues that Johnson nevertheless applies to invalidate the pre-Booker version of § 4B1.2's residual clause, which contains language identical to the language found unconstitutional in Johnson. Herein lies the rub.

In United States v. Matchett, the Eleventh Circuit held that the "advisory guidelines cannot be unconstitutionally vague." 802 F.3d 1185, 1193-96 (11th Cir. 2015). Two years later, in Beckles v. United States, the Supreme Court held

3

that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 A. Ct. 886, 897 (2017). However, Beckles left open the question of whether the pre-Booker mandatory guidelines are subject to a vagueness challenge. Id. Meanwhile, back in the Eleventh Circuit, the Court held that the "Guidelines – whether mandatory or advisory – cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." In re Griffin, 823 F.3d 1350, 1354 (11th Cir. 2016); see also Wilson v. United States, -- F. App'x --, 2018 WL 665125 (11th Cir. Feb. 2, 2018) (rejecting argument that Beckles abrogated Griffin).

Applying Griffin, the Magistrate Judge concluded that "Petitioner is neither entitled to relief under Johnson nor entitled to cite Johnson as a triggering event for AEDPA's one-year limitations period under 2255(f)(3)." (Doc. 81, p. 5). Consequently, Petitioner's application for relief is untimely. Neither party disputes the Magistrate Judge's finding on that point. However, noting that Griffin has been questioned in subsequent published Eleventh Circuit cases, the Magistrate Judge determined that reasonable jurists could disagree about whether Griffin was correctly decided and whether Beckles, which was decided after Griffin, extends to the pre-Booker Sentencing Guidelines. The Magistrate Judge accordingly recommends that the Court grant a certificate of appealability "as to

4

whether <u>Johnson</u> applies to the career offender provision of the pre-<u>Booker</u> Sentencing Guidelines." (<u>Id.</u> at p. 7).

The Government objects to the granting of a COA for a number of reasons, but the central issue is that Petitioner has not demonstrated that jurists of reason would find it debatable whether Petitioner has stated a valid claim for the denial of a constitutional right. (Doc. 82, p. 5). According to the Government, "[t]his is so because . . . the Supreme Court's holding in <u>Johnson</u> does not invalidate the mandatory guidelines and does not constitute a new rule of constitutional law applicable to those challenging their career offender designation." (<u>Id.</u>). While the Supreme Court has not expressly extended this holding to the pre-<u>Booker</u> Sentencing Guidelines, the Eleventh Circuit has. And, whether the <u>Griffin</u> decision was wrongly or rightly decided, it remains the law of this Circuit. <u>See</u> <u>Foxx v. United States</u>, -- F. App'x --, 2018 WL 4201231 (11th Cir. Sept. 4, 2018); <u>Upshaw v. United States</u>, -- F. App'x --, 2018 WL 3090420 (11th Cir. June 22, 2018); <u>Lester v. United States</u>, No. 18-10523 (11th Cir. June 15, 2018). "Consequently, there is no substantial question as to the outcome of the case." <u>Lester v. United States</u>, No. 18-10523 (11th Cir. June 15, 2018); <u>see also</u> <u>Anderson v. United States</u>, Case No. 5:97-cr-27-MTT-CHW (M.D. Ga. 2018).

Accordingly, the Recommendation is **ADOPTED in part** and **DENIED in part**. The Court **ADOPTS** the Magistrate Judge's recommendation that Petitioner's § 2255 motion be dismissed as time-barred and **DENIES** the

5

Magistrate Judge's recommendation that a COA be granted. The Government's Motion to Dismiss (Doc. 80) is **GRANTED**, and Petitioner's Motion to Vacate (Docs. 68, 78) is **DISMISSED as untimely**. Further, because Petitioner has not made the requisite showing for granting a COA, a COA is **DENIED**.

**SO ORDERED**, this 12th day of September, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks